Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000436
27-JUN-2018
11:28 AM

NO. CAAP-17-0000436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK, MELLON FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC.,
CHL MORTGAGE PASS THROUGH TRUST 2006-3, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-3,
Plaintiff-Appellee,
v.
SHELLEY ST JOHN; SHELLEY ALENE ST JOHN, TRUSTEE IN
FOR THE TEMPLE OF PEACE TRUST A PRIVATE CONSTRUCTIVE
IRREVOCABLE TRUST DECLARED HEREIN IN THE CARE OF KEVIN
ST JOHN AND SHELLEY ST JOHN; KEVIN FRANCIS ST JOHN,
TRUSTEE IN FOR THE TEMPLE OF PEACE TRUST A PRIVATE
CONSTRUCTIVE IRREVOCABLE TRUST DECLARED HEREIN IN
THE CARE OF KEVIN ST JOHN AND SHELLEY ST JOHN,
Defendants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, N.A.;
ROBERT FADEM; US BANCORP BUSINESS EQUIPMENT FINANCE
GROUP; STRATTON WEAVER; SHELBY WEAVER,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS
1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-1114(1))

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Leonard and Reifurth, JJ.)

Defendants-Appellants Shelley Alene St John,
Individually and as Trustee in for the Temple of Peace Trust a

Private Constructive Irrevocable Trust Declared Herein in the Care of Kevin St John and Shelley St John (the **Trust**), and Kevin Francis St John, as Trustee of the Trust (collectively the **St Johns**) appeal from the Judgment entered on May 4, 2017, by the Circuit Court of the Second Circuit (**circuit court**).[1]  The St Johns also challenge the underlying "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Parties and for Interlocutory Decree of Foreclosure" (**Order Granting Summary Judgment**) entered on May 4, 2017.  The Judgment and Order Granting Summary Judgment were entered against the St Johns and in favor of Plaintiff-Appellee The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates, Series 2006-3 (**Bank of New York Mellon**).

On appeal, the St Johns contend that the circuit court erred in granting summary judgment because Bank of New York Mellon failed to present any admissible evidence that it was in possession of the original promissory note at the time the Complaint was filed and thus, did not establish its standing in this foreclosure action.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve the St Johns' point of error as follows, and we vacate and remand.

The Hawai'i Supreme Court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) is dispositive in this appeal.  In Reyes-Toledo, the supreme court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced.  Id. at 367-70, 390 P.3d at 1254-57.

---

[1]  The Honorable Rhonda I.L. Loo presided.

Reyes-Toledo notes that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property at the commencement of the suit. Id.

Similar to the plaintiff bank in Reyes-Toledo, in this case Bank of New York Mellon was granted a decree of foreclosure via a summary judgment ruling. Bank of New York Mellon filed its Verified Complaint for Foreclosure (**Verified Complaint**) on December 26, 2013, which asserted that "Plaintiff is entitled to enforce the Note and is the record assignee of the Mortgage." Attached to the Verified Complaint is a Verification of Complaint for Foreclosure (**Verification**) executed by Suzette Figer (**Figer**) on December 9, 2013. Figer attests, *inter alia*, that she is employed by Resurgent Capital Services, LP (**Resurgent Capital**), "the loan servicing agent for Plaintiff[,]" and that a true and correct copy of the Adjustable Rate Note (**Note**), which is endorsed in blank, is attached as Exhibit "A". The copy of the Note attached to Figer's Verification indicates a promise to repay the lender and that the lender was Countrywide Home Loans,

3

Inc. (**Countrywide**). Figer's Verification also attests that "Plaintiff is in possession of the Note." Thus, Figer's Verification attests that Bank of New York Mellon was in possession of the blank endorsed Note at the time the Verified Complaint was filed.

However, under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017) and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018), Figer's Verification does not satisfy the requirements for admitting the Note under the Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6) business records exception. Figer does not attest that she is the custodian of the Note (or the other documents attached to her Verification), and thus must be a "qualified witness" to establish the requirements for admissibility. Mattos, 140 Hawai'i at 30-32, 398 P.3d at 619-21; Behrendt, 142 Hawai'i at 45-46, 414 P.3d at 97-98; HRE Rule 803(b)(6).

Under Mattos and Behrendt, Figer's Verification does not establish that she is a qualified witness. As discussed in Behrendt:

> the court in Mattos held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. Id. "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." Id. (quoting State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010)). The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business. Id.
>
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Id. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document. See id.; Fitzwater, 122 Hawai'i at 367-68, 227 P.3d at 533-34.

142 Hawai'i at 45-46, 414 P.3d at 97-98. Figer's Verification states, in pertinent part:

4

1. I have knowledge of and I am competent to testify to the matters stated herein by virtue of <u>my employment for Resurgent Capital Services, LP the loan servicing agent</u> for Plaintiff THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,[] AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3 ("Plaintiff"). I have been trained to use and understand the <u>record keeping system utilized for this loan</u>. I know that pursuant to normal business practices, the entries in the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record. I have also been trained to use and understand the entries in the record and am familiar with the same. My knowledge is based on my review of the business records and files related to the mortgage loan which is the subject of this foreclosure.

2. On or about December 7, 2005, Defendant SHELLY ST JOHN ("Borrower"), for value received, duly made, executed and delivered to Countrywide Home Loans, Inc., a promissory note ("Note") in the amount of $536,000.00. A true and correct copy of the Indorsed Note is attached as **Exhibit "A."** I confirmed that Borrower is the proper defendant in this action.

. . .

5. <u>Plaintiff is in possession of the Note.</u> As evidenced by the recorded Mortgage and applicable assignments, Plaintiff is also the record assignee of the Mortgage. As such, Plaintiff is the proper plaintiff in this matter.

. . .

9. All documents, memoranda, reports and records of data compilation (collectively, "Records of Acts") that are attached as Exhibits "A" - "E" to my Verification, as well as all other factual information contained herein, represent records of regularly conducted business activity relating to the subject loan.

10. <u>The Records of Acts were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity of mortgage lending and mortgage servicing</u>.

11. All herein referenced Records of Acts were and are made at or near the time of the acts reported. Entries into these records are made by persons having personal knowledge of such event, and are reviewed by me from time to time to ensure accuracy and completeness, and are <u>relied upon by Plaintiff and its servicing agent in the conduct of its business</u>.

12. I am familiar with the referenced Records of Acts, which is used to record and track events and documents by Plaintiff and its servicing agent that are relevant to this loan. These records are <u>routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar</u>.

13. I reviewed the Verified Complaint for Foreclosure prepared by RCO Hawaii, LLLC, including the attached exhibits and I have confirmed the factual accuracy of the allegations set forth therein.

(Emphasis added).

Figer does not attest that she is familiar with the record-keeping system of the business that created the Note, apparently Countrywide, so that she can explain how the Note was generated in the ordinary course of its business. Figer also does not attest that the Note or other documents attached to her Verification were incorporated into Resurgent Capital's records and kept in the normal course of business, that Resurgent Capital relies on the accuracy of the contents of the documents, and circumstances that otherwise indicate trustworthiness of the documents. We note that paragraph 10 of Figer's Verification states that the documents attached thereto "were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity[,]" which does not appear to be correct given that the lender for the Note was Countrywide and the blank endorsement on the Note was executed by a Managing Director of Countrywide.

In sum, there is no admissible evidence in the record to establish Bank of New York Mellon's entitlement to enforce the Note when this action was commenced.[2] Specifically, there is no admissible evidence establishing that Bank of New York Mellon was in possession of the blank endorsed Note at the time the Complaint was filed.

Viewing the evidence in the light most favorable to the St Johns, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether Bank of New York Mellon had standing when this foreclosure action was commenced. Pursuant to Reyes-Toledo, the circuit court thus

---

[2] Bank of New York Mellon submitted an Affirmation of Attorney on October 2, 2014, the same day that its summary judgment motion was filed, which stated in part that the Complaint contained no false statements of fact. However, an attorney affirmation does not establish a lender's entitlement to enforce a note. See U.S. Bank Tr., N.A. v. Busto, CAAP-16-0000334, 2017 WL 2579070, at *2 (Hawai'i App. Jun. 14, 2017) (SDO) (Ginoza, J., dissenting, on grounds that a majority of this court disregarded a similar attorney affirmation filed pursuant to HRS § 667-17); Wilmington Sav. Fund Soc'y v. Yasuda, CAAP-17-0000433, 2018 WL 1904909, at *6 (Hawai'i App. Apr. 23, 2018) (SDO) (Ginoza, J., concurring, based on Behrendt, 142 Hawai'i 37, 414 P.3d 89, wherein the Hawai'i Supreme Court did not give any evidentiary merit to the attorney affirmation in that case).

erred in granting Bank of New York Mellons' motion for summary judgment.

Therefore, IT IS HEREBY ORDERED that the following, both entered by the Circuit Court of the Second Circuit on May 4, 2017, are vacated: (1) the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Parties and for Interlocutory Decree of Foreclosure"; and (2) the Judgment. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, June 27, 2018.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Peter T. Stone,
Sun Young Park,
(Daisy Lynn B. Hartsfield,
TMLF Hawaii, LLLC, of counsel)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7